**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.S.**

**No. 18-0372** (Kanawha County 17-JA-148)

**MEMORANDUM DECISION**

Petitioner Mother S.S., by counsel Sandra Bullman, appeals the Circuit Court of Kanawha County's March 30, 2018, order terminating her parental rights to A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Sharon Childers, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed a petition alleging that petitioner engaged in domestic violence in the presence of A.S. and also physically and mentally abused the child. The DHHR further alleged that the father was arrested and charged with third-offense domestic battery after choking petitioner and throwing her into an entertainment center. According to the DHHR, petitioner entered into a safety plan in February of 2017 following that incident wherein she agreed not to permit the father to have contact with the child. However, the DHHR alleged that petitioner and the child spent the night with the father immediately after his release in March of 2017. In addition, the DHHR alleged that petitioner had a history of substance abuse and a prior involuntary termination of parental rights to four other children which occurred in 2011. Petitioner waived her preliminary hearing in April of 2017. The circuit court ordered petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

to participate in supervised visitations, random drug screening, and domestic violence counseling.

The circuit court held an adjudicatory hearing in May of 2017 and petitioner stipulated that she exposed her child to domestic violence. Based on her stipulation, the circuit court adjudicated petitioner as an abusing parent. Petitioner made an oral motion for a post-adjudicatory improvement period and the circuit court held that motion in abeyance. In addition to the services already ordered, the circuit court ordered petitioner to participate in a psychological evaluation. Following a subsequent hearing in July of 2017, the circuit court ordered petitioner to "comply with all recommendations contained in her psychological evaluation." Those recommendations included individual therapy, random drug screening, parenting and life skills classes, and drug counseling meetings.

In November of 2017, the circuit court held a dispositional hearing; petitioner did not appear, but was represented by counsel. The DHHR presented the testimony of petitioner's case worker who testified that she had been noncompliant in services. The worker testified that petitioner failed to complete domestic violence classes, had not started life skills or parenting classes, and inconsistently drug screened. Additionally, the worker was concerned with petitioner's past decisions to allow the father around herself and the child. The worker testified that, despite DHHR safety and protection plans, petitioner consistently allowed the father around herself and the child. Further, the worker testified that the father was consistently violent with petitioner and that issue persisted for months before this petition was filed. Petitioner presented no evidence in response. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected because petitioner failed to follow through with a reasonable family case plan. Accordingly, the circuit court terminated petitioner's parental rights in its March 30, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

[2]The father's parental rights were also terminated below. According to the parties, A.S.'s permanency plan is adoption by his maternal grandmother with post-termination visitation by petitioner if she completes substance abuse treatment and domestic violence classes.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

Petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Petitioner asserts that she enrolled and participated in several services which showed that she could substantially comply with the terms of an improvement period. We disagree. West Virginia Code § 49-4-610(2) provides that a circuit court may grant a post-adjudicatory improvement period when the parent "files a written motion requesting the improvement period" and the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

The circuit court correctly denied petitioner's motion for a post-adjudicatory improvement period for two reasons. First, petitioner never filed a written request for a post-adjudicatory improvement period as required by West Virginia Code §49-4-610. Although petitioner asserts this motion was filed in October of 2017, it is clear from the record that the motion was not filed until after petitioner's parental rights were terminated. Second, petitioner could not demonstrate that she would fully participate in the terms of an improvement period. Petitioner was given a substantial period of time between the adjudicatory hearing and the dispositional hearing and ordered to participate in services during that time. Despite this, petitioner did not begin the parenting and adult life skills classes. Further, petitioner participated in drug screening, but her participation was inconsistent. Most importantly, petitioner attended only "a few" domestic violence classes. Accordingly, we find that the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period.

Petitioner also argues that the circuit court erred in terminating her parental rights because she was attending an inpatient treatment program. According to petitioner, the child was placed with a relative and "[n]o harm would come to the child to allow the mother the opportunity to complete her inpatient treatment program prior to final disposition in this matter." We disagree with petitioner. We have previously held that

"[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age

3

of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4. A.S. is a young child who needs consistency in her life. Although petitioner alleges that she entered into a substance abuse program, she presented no evidence regarding her actual admittance to that program or its terms. Further, petitioner ignores that she stipulated to exposing the child to domestic violence and made little to no effort in remedying that issue. As such, it is clear petitioner failed to address the issues of abuse and neglect that necessitated the child's removal.

Further, the evidence of petitioner's failure to comply with services also supports the termination of her parental rights. West Virginia Code § 49-4-604(b)(6) provides that the circuit court may terminate parental rights when "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and when termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when the parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" The circuit court correctly terminated petitioner's parental rights because there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected. The DHHR demonstrated that petitioner was not complying with a reasonable case plan designed to rectify the conditions of abuse and neglect. Further, the evidence showed that petitioner consistently exposed A.S. to the father and domestic violence against DHHR directives and the best interests of herself and A.S.

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The record supports the circuit court's finding that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected within a reasonable time and that termination was necessary for the child's welfare. Therefore, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 30, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: October 12, 2018

4

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.